Argued and submitted October 28; conviction on Count 4 reversed and remanded, remanded for resentencing, otherwise affirmed December 1, 2021; petition for review denied March 24, 2022 (369 Or 505)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUSSELL ORLANDO COURTIER,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR50154; A172468

502 P3d 264

Jerry B. Hodson, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Conviction on Count 4 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals his judgments of conviction for murder in the second degree (Count 1), ORS 163.115; failure to perform the duties of a driver to injured persons (Count 2), ORS 811.705; and intimidation in the second degree (Count 4), ORS 166.155(1)(b).[1] Defendant raises four assignments of error challenging: (1) the admission of evidence of antisocial personality disorder as rebuttal to defendant's defense of extreme emotional disturbance (EED); (2) the admission of testimony from the state's expert witness to provide a diagnosis of antisocial personality disorder; (3) the denial of defendant's motion for judgment of acquittal on the charge of intimidation in the second degree; and (4) the instruction and acceptance of a nonunanimous verdict on Count 4. We reverse and remand the conviction on Count 4, and otherwise affirm.

At trial, defendant presented the defense of EED, ORS 163.135(1), which can reduce a charge of intentional murder to manslaughter. *State v. Zielinski*, 287 Or App 770, 777, 404 P3d 972 (2017). Defendant challenges the admission of the state's rebuttal evidence of his diagnosis of antisocial personality disorder on three bases: (1) it was irrelevant because antisocial personality disorder is not a qualifying diagnosis to support the defense of extreme emotional disturbance; (2) it was more prejudicial than probative; and (3) the state's expert's diagnosis was scientifically invalid.

First, the trial court properly admitted the evidence of the competing diagnosis because it was relevant to rebut the EED defense. *See* OEC 401 (evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Defendant argues that, because evidence of antisocial personality disorder is not a qualifying diagnosis to establish EED, any evidence of the diagnosis is irrelevant. *See State v. Wille*, 317 Or 487, 499, 858 P2d 128 (1993) (excluding

---

[1] After defendant committed the crimes at issue in this case, the legislature amended and renamed the statute. *See* Or Laws 2019, ch 553, § 1. Because the amendments did not alter the portions of the statute that are relevant for this case, we cite the current statute.

defendant's evidence of his personality disorder because "in determining whether a defendant has acted under the influence of an extreme emotional disturbance, ORS 163.135, the defendant's 'personality characteristics' or 'personality traits' are not relevant"). However, the fact that the evidence is not relevant to establish an affirmative defense does not make it irrelevant to *rebut* one. *Cf.* OEC 105 (describing guidelines for admitting evidence that is admissible for one purpose but not admissible for a different purpose). If the evidence that defendant suffered another mental disturbance could lead a jury to conclude that defendant was "under the influence," ORS 163.135(1), of that disturbance, as opposed to EED, then the jury would be free to reject the EED defense. Given the probative value of the evidence of antisocial personality disorder as well as the court's instruction limiting the jury's consideration of it, we do not find that the trial court abused its discretion in admitting the evidence.

We further reject defendant's challenge to the state's expert because the state laid a sufficient foundation for its expert witness to testify to his diagnosis of antisocial personality disorder. *See State v. Brown*, 297 Or 404, 416-18, 687 P2d 751 (1984) (outlining the guidelines for scientific evidence). We also conclude that the record contained sufficient evidence for a rational factfinder to find beyond a reasonable doubt all the elements of intimidation in the second degree, and thus we reject the third assignment of error. ORS 166.155(1)(b).

As to defendant's final assignment of error, the trial court erred in instructing the jury it could convict on Counts 2 and 4 by nonunanimous verdicts, and the error was not harmless as to Count 4 because the verdict was not unanimous. *State v. Flores Ramos*, 367 Or 292, 333-34, 478 P3d 518 (2020). Accordingly, we reverse defendant's conviction on Count 4.

Conviction on Count 4 reversed and remanded; remanded for resentencing; otherwise affirmed.